UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| PAMELA MCBRIDE, | ) | |
| --- | --- | --- |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:17-cv-01156-JMS-TAB |
| | ) | |
| C&J CLARK AMERICA, INC., C&J CLARK MANUFACTURING, INC., C&J CLARK RETAIL, INC., AND C&J CLARK INTERNATIONAL LIMITED, | ) ) ) ) | |
| *Defendants.* | ) | |

# ORDER

On April 19, 2017, in response to the Court's April 13, 2017 Order, Defendants C&J Clark America, Inc., C&J Clark Manufacturing, Inc., and C&J Clark Retail, Inc. (the "Removing Defendants") filed an Amended Notice of Removal alleging that the Court has diversity jurisdiction over this matter. [Filing No. 9.] The same day, the Removing Defendants filed an Answer to Plaintiff's Complaint. [Filing No. 10.] The Answer contradicts information provided in the Amended Notice of Removal, which requires clarification before this matter can proceed.

Specifically, the Removing Defendants state in the Amended Notice of Removal that "Defendant C&J Clark International Limited is a foreign company. C&J Clark International Limited was organized under the laws of the United Kingdom and has a principal place of business in the United Kingdom. A 'Limited' company in the United Kingdom is akin to a corporation in the United States, and thus C&J Clark International Limited is a citizen of the United Kingdom." [Filing No. 9 at 2-3.] In their Answer, however, the Removing Defendants state that they "lack knowledge or information sufficient to form a belief as to the truth of" Plaintiff's allegation that C&J Clark International Limited is "a foreign company organized under the laws of the United

- 1 -

Kingdom…." [Filing No. 9-2 at 13; Filing No. 10 at 1.] This inconsistency leaves the Court unable to determine whether it has diversity jurisdiction over this matter.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the Removing Defendants are **ORDERED** to file a Report by **April 28, 2017** explaining the inconsistency between the Amended Notice of Removal and the Answer, or file an Amended Answer by that same date correcting the inconsistency.[1] The Removing Defendants need not seek leave of Court before filing an Amended Answer. As the Court has previously

---

[1] The Court notes that the Removing Defendants also deny allegations regarding the location of their "headquarters" and the "residency" of Plaintiff. Plaintiff originally filed her Complaint in State Court, so her allegations did not address whether this Court has jurisdiction over her claims. For example, she alleges her "residency" rather than her "citizenship," and the Removing Defendants' "headquarters" rather than their "principal places of business" – the latter of which is needed in both instances to invoke this Court's diversity jurisdiction. Accordingly, the Removing Defendants' denial of State Court allegations that do not implicate the diversity jurisdiction analysis is of no moment. The Removing Defendants' answer to allegations regarding C&J Clark International Limited is relevant to the Court's jurisdictional analysis, however, because it directly contradicts statements made in the Amended Notice of Removal.

cautioned, to the extent statements in pleadings reflect anything other than total agreement regarding any jurisdictional allegations, the Court will require the parties to clarify those inconsistencies before the litigation moves forward.

Date: April 21, 2017

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**